ORDER ON THE STATE OF FLORIDA’S MOTIONS TO INTERVENE AND TO RELINQUISH JURISDICTION
PER CURIAM.
A judgment was entered in this cause wherein Myrtle Grove, Inc., defendant below, was ordered to pay compensatory and punitive damages to plaintiff Irma S. Taylor. Shortly thereafter the State of Florida moved to intervene in the trial court and moved to alter or amend the judgment. Movant sought to assert its right to 60 percent of the punitive damage award pursuant to section 768.73, Florida Statutes. Before the State’s motions could be heard, however, the trial court granted the defendant’s motion for new trial on the issue of punitive damages. Defendant appealed the final judgment awarding damages and plaintiff cross-appealed the order which effectively struck the punitive damage award.
The State of Florida has now requested that it be allowed to intervene in this appellate proceeding and/or that jurisdiction be relinquished to the trial court for disposition of its motions which had not been acted on when the notice of appeal was filed and the trial court was divested of jurisdiction. Appellant opposes the motions, characterizing them as premature, and we agree. The judgment of the trial court now does not provide for a punitive damage award. Unless the new trial order is reversed on cross-appeal, there is nothing to which the State may assert its claimed share. In essence, the State of Florida has no standing in this case in its current posture. We therefore deny the motions before us without prejudice to the State’s right to seek further relief in the trial court after issuance of mandate if Taylor prevails on cross-appeal.
ALLEN and WOLF, JJ., concur.
JOANOS, C.J., dissents without opinion.